IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHARLOTTE B. JOHNSON,<br>　　Plaintiff, | :<br>:    CIVIL ACTION<br>: |
| v. | :<br>:    NO. 06-4316    FILED JUL 2 0 2009<br>: |
| R. JAMES NICHOLSON,<br>SECRETARY, U.S. DEPARTMENT<br>OF VETERANS AFFAIRS,<br>　　Defendant. | :<br>:<br>:<br>: |

## MEMORANDUM AND ORDER

Tucker, J.                                                                          July 20, 2009

     Presently before the Court is Defendant's Motion for Judgment as a Matter of Law (Doc. 88), and Plaintiff's Response to (Doc. 89). For the reasons set forth below, upon consideration of Defendant's Motion, Plaintiff's Response, and the Parties' oral argument on the matter, this Court grants Defendant's Motion for Judgment as a Matter of Law.

ENTERED
JUL 21 2009
CLERK OF COURT

## BACKGROUND

     Plaintiff, Charlotte B. Johnson, brought this action against her former employer alleging "reverse discrimination" on the basis of her race and gender discrimination, both in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-16 ("Title VII"). Plaintiff was employed by the Department of Veteran Affairs ("DVA") at the Coatesville Veteran Affairs' Medical Center ("Medical Center") as a nurse educator at various time periods from November 3, 1991 until the date of her resignation, July 9, 2005. Plaintiff's job responsibilities included providing instruction to newly hired nurses as part of their orientation to the Medical Center.

     In August of 2004, a newly hired black nurse, Carol Gregory, complained to Sandra Simmons, the Medical Center's Equal Employment Opportunity ("EEO") Manager, that Plaintiff

discriminated against her on the basis of her race and made derogatory comments about the Medical Center and its management officials. Ms. Simmons notified Gary Devanksy, Director of the Medical Center, of Ms. Gregory's allegations. After an investigation into the allegations Mr. Devansky ordered and empaneled an Administrative Board of Investigation ("ABI") to fully investigate. As a result of the ABI's findings, Plaintiff was reassigned to a staff nurse position, effective November 3, 2004, with no loss of pay. Plaintiff did not appear for the staff nurse position, instead, taking medical leave for eight (8) months and then voluntarily resigning on July 9, 2005. While on leave, Plaintiff filed a formal complaint with the DVA alleging that her reassignment from nurse educator to staff nurse was discriminatory on the basis of her race and gender. The DVA concluded that Plaintiff failed to establish that the Medical Center discriminated against her on the basis of her race and gender.

On September 27, 2006, Plaintiff filed the instant action. Defendant claims that its reassignment of Plaintiff was not based on race or gender but was based on a legitimate non-discriminatory business decision, justified by the findings of the ABI. Plaintiff contends that she had an unblemished record prior to her reassignment and the allegations of Ms. Gregory. In addition, Plaintiff contends that the circumstances surrounding the ABI's investigative process, composition, and its conclusions infer both racial and gender discrimination, insofar as the ABI deviated from written policy and procedure.

Beginning on June 25, 2009 this Court presided over a six (6) day jury trial for Plaintiff's discrimination claims. At the close of Plaintiff's case, Defendant moved for judgment as a matter of law under Rule 50(a), which this Court granted on July 7, 2009.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 50(a) provides that "[i]f during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." FED. R. CIV. P. 50(a). "Motions for judgment as a matter of law may be made at any time before submission of the case to the jury." Id.

In determining a rule 50(a) motion "[t]he question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." Foster v. Nat'l Fuel Gas Co., 316 F.3d 424, 428 (3d Cir. 2003) (quoting Patzig v. O'Neil., 577 F.2d 841, 846 (3d Cir. 1978)). In viewing all the evidence which has been tendered and should have been admitted, the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh evidence. Reeves v. Sanderson Plumbing Prod., Inc., 530 U.S. 133, 150-51 (2000). Although judgments as a matter of law should be granted sparingly, federal courts do not follow the rule that a scintilla of evidence is enough for the Court to deny the motion. Id. The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party. Id.

## **DISCUSSION**

Defendant moves for judgment as a matter of law pursuant to Rule 50(a) and in support of its motion submits two arguments: 1) that Defendant reassigned Plaintiff solely on the basis of her conduct, not her race or gender; and 2) that Plaintiff's evidence is insufficient to support a jury verdict. The Court will address each argument in turn.

### 1. Plaintiff's Reassignment was Not Based on her Race or Gender

In short, Plaintiff has failed to carry her burden of demonstrating that her race or gender played any role in the convening or composition of the ABI, the Board's subsequent investigation, or in the Board's recommendation that she be reassigned. Instead, the testimony from various witnesses at trial demonstrated that: 1) an ABI was convened to neutrally investigate allegations that Plaintiff belittled and discriminated against nurse orientees and, made various comments and told various stories about management, staff and the hospital in general, which had the effect of portraying the Medical Center in a negative light during a time in which recruiting of nurses was difficult and competitive; 2) in his discretion Mr. Devansky chose individuals who he thought would be competent to handle the investigation and who were unfamiliar with the parties involved, thereby allowing them to be objective and impartial; 3) the ABI members evaluated the testimony and credibility of 28 witnesses to testify before the Board, including Plaintiff, and based its findings, recommendations and conclusions, compiled in a lengthy two volume report, on this testimony; 4) the testimony at the ABI was at times conflicting but, at the very least, the testimony revealed that Plaintiff had an authoritative teaching style that was not appropriate for adult education and that she lacked certain cultural competencies that some orientees perceived to be discriminatory; 5) management did not

4

influence the actions or recommendations of the Board; and 6) Mr. Devansky reviewed all of the evidence, met with top management officials and based his decision to reassign Plaintiff on the seriousness of Plaintiff's conduct as reported in what he believed to be the fair and impartial findings of the ABI.

### 2. Plaintiff's Evidence

At oral argument concerning Defendant's motion for judgment as a matter of law Plaintiff made four arguments, representing her evidence, in support of allowing this case to proceed to jury verdict. First, Plaintiff alleges that Robert Marshall and Joanne Renz were excluded from the ABI process and that their exclusion was extraordinary. From this allegation Plaintiff jumps to the conclusion that Mr. Marshall's and Ms. Renz's exclusion is *prima facie* evidence of racial and gender discrimination against her. However, Mr. Devansky testified at length during trial and indicated that, in his sole discretion, he included the individuals who he best thought needed to be included. Furthermore, Mr. Marshall and Ms. Renz both testified that they did not believe Plaintiff's reassignment was related to her race or gender. Thus, even if Mr. Marshall and Ms. Renz were somehow improperly excluded from the ABI process, this evidence is insufficient to support a jury verdict.

Second, Plaintiff asserts that it was improper for Rosemary Wharton, Plaintiff's supervisor and the Associate Director of Patient Care Services, to communicate with Mr. Andrew Pahountis, an ABI member, during the ABI process. However, the testimony from Mr. Pahountis indicated that the conversations between he and Ms. Wharton were in strict regards to administrative matters—such as how much longer the investigation was expected to last. Plaintiff presented no evidence to contradict this testimony or to indicate that these conversations were

5

about Plaintiff's race or gender. Moreover, Mr. Marshall, who has had experience serving on several ABI's, testified that it was not inappropriate for Mr. Pahountis and Ms. Wharton to discuss administrative matters during the investigation. Therefore, this allegation by Plaintiff is insufficient to support a jury verdict.

Third, plaintiff alleges that it was inappropriate and discriminatory for Mr. Devansky to reassign Plaintiff based on the perception of three black nurse orientees that Plaintiff was discriminating against them. Plaintiff argues this is particularly true where other black orientees testified during the ABI that they did not perceive that Plaintiff was discriminating against them personally or against other black members of the orientation class in general. Yet, Mr. Devansky testified at length that there was a range of feelings and perceptions about Plaintiff's teaching style. Indeed, Mr. Devansky did not dispute that some nurse orientees felt positively about Plaintiff while others felt negatively about her. Most importantly, Mr. Devansky testified that he considered and based his decision on *everyone's* testimony, negative and positive, not just the testimony of the three black individuals. Defendant's reassignment of Plaintiff, partly on the basis that her authoritative teaching style gave some the perception of discrimination, is a non-discriminatory legitimate business decision. Defendant's legitimate business decision does not morph into pretext, merely because the three complaining nurse orientees were black. Hence, Plaintiff's claim in this regard is insufficient to support a jury verdict.

Finally, Plaintiff argues that the ABI's conclusions and recommendations are not supported by the record and, thus, are *prima facie* evidence of discrimination. However, whether or not the Board got it right or wrong during the course of its investigation and in its recommendations is not the question that is before this Court. The trial testimony was that the

6

findings and recommendations of the ABI were supported by the record. The question is not whether to agree with the findings of the ABI. The proper question before this Court is whether or not the Board's decision to reassign Plaintiff was based on her race or gender. Plaintiff has presented no evidence indicating that the Board's decision was at all based on her race or gender.

## **CONCLUSION**

For the foregoing reasons, this Court will grant Defendant's Motion for Judgment as a Matter of Law. An appropriate Order follows.